H. E. DELMAS v. PASCAGOULA ST. RY. & POWER CO.

[60 South. 210]

1. MONOPOLIES. *Statutory provisions. Laws 1908, chapter 119. Code 1906, section 5007. Damages. Penalties. Constitution 1890, section 198.*

   That part of chapter 119, Laws 1908, indicated in said laws as additional contracts or combinations not allowed by law, is not in violation of section 198, Constitution 1890, although that part of the statute might appropriately have been included in another chapter or section of the laws.

2. MONOPOLIES. *Damages. Penalties. Code 1906, sections 5007-5004.*

   Under section 5007, Code 1906, providing that any person injured or damaged by a trust and combine may in each instance of such injury or damage recover the sum of five hundred dollars and all actual damages, but one penalty of five hundred dollars can be recovered in addition to the actual damages, though section 5004 imposes a penalty for every offense recoverable by action in the name of the state.

3. MONOPOLIES. *Penalties. Declaration. Sufficiency.* Code 1906, *section 5007.*

   The fact that plaintiff suing under Code 1906, section 5007, demanded in his declaration a penalty of five hundred dollars for each day defendant violated the law, and charged the law was violated a number of days, did not prevent his recovering a lesser and proper amount, under the liberal rules of pleading in this state.

APPEAL from the circuit court of Jackson county.

HON. T. H. BARRETT, Judge.

Suit by H. E. Delmas against the Pascagoula Street Railway & Power Company. From a judgment sustaining a demurrer to plaintiff's declaration, he appeals.

The declaration filed by the plaintiff alleged that the defendant was engaged in the manufacture and sale of ice in the cities of Pascagoula and Moss Point, which are only three or four miles apart, and are connected by trolley, and that defendant on twenty-eight days in the month of May, 1909, sold ice to certain persons

in Moss Point, where plaintiff was also engaged in the sale of ice, at a price below the normal cost of production of ice in said city of Moss Point, with the purpose of destroying plaintiff's business, and in an attempt to destroy competition in the sale of ice, in violation of chapter 119 of the Laws of 1908, amendatory to section 5002 of the Code of 1906. Under this count, plaintiff claims actual damages amounting to nine hundred dollars and penalty of five hundred dollars for each day, or fourteen thousand dollars for the twenty-eight days named in the declaration.

In the second count of the declaration plaintiff charges that on thirty days in said month of May, 1909, defendant sold ice in the city of Moss Point for a price less than defendant sold ice on said days in the city of Pascagoula, the difference of freight and other expenses considered, with intent to destroy plaintiff's business and to destroy competition, and on this count he claims actual damages in the sum of nine hundred dollars and statutory damages in the sum of fifteen thousand dollars.

*Denny & Denny*, for appellant.

Chapter 119 of the Acts of 1908, amending section 5002, Code of 1906, is not in violation of section 198 of the Constitution of Mississippi. The legislature is there directed to enact laws to prevent all trusts, combinations, contracts, and agreements inimical to the public welfare. The direction of the Constitution includes all trusts regardless of the nature of formation thereof and responding thereto, within its powers, the legislature enacted chapter 119 of the Acts of 1908.

There appears to have been no suggestion or contention that chapter 119, Acts of 1908, is violative of the Constitution until the instant case. The court, in *Cumberland T. & T. Co.* v. *State ex rel. Attorney General*, 50 So. 446, refers to such act of the legislature as existing law without intimation or suggestion whatever that same is unconstitutional.

In the case of *Retail Lumber Dealers Ass'n.* v. *State,*
48 So. 1023, the court, citing the case of *Barataria Canning
Co.* v. *Joulian,* 80 Miss. 555, 31 So. 961, stated that it
was held in that case that the words "inimical to the
public welfare" are not an added element of the defini-
tions already given in the separate sections of this statute,
but that the offense is complete when shown to come
within the terms of any section of the statute, as thereby
the legislature, in whom the discretion is vested, by
its very declaration determines said act to be inimical
to the public welfare."

Chapter 119, Acts 1908, provides that, as additional
contract or combinations not allowed by law, "any cor-
poration, domestic or foreign, or individual, partnership
or association of persons whatsoever, (J) who shall re-
strain, or attempt to restrain the freedom of trade or
production; (M) or who shall destroy or attempt to de-
stroy competition in the manufacture or sale of a com-
modity, by selling or offering same for sale at a price
below the normal cost of production; (N) or who shall
destroy or attempt to destroy competition in the man-
ufacture or sale of a commodity, by selling or offering
the same for sale at a lower price at one place in this
state than another, differences of freight and other
necessary expenses of sale and delivery considered, shall
be deemed and held a trust and combine within the
meaning and purpose of this act, and chapter 145 of the
Code of 1906, etc.

The Constitution provides for prohibition of all trusts.
The legislature, cognizant of the means adopted by
large corporations throughout this country for stifling
competition and acquiring monopolies of trade, a form
of trust equally as vicious as combinations in oppressing
individuals and the public generally, responded to the
Constitution in providing above and there is not a single
feature of the act that contains a suggestion in viola-
tion of the Constitution.

The second amended declaration states a condition within the words and meaning of the Acts of 1908 and the circuit court committed grievous error indeed in adjudging such statute in violation of chapter 198 of the Constitution.

The court committed equally as grave error in holding that plaintiff could not recover five hundred dollars for each day of the commission of the acts complained of.

Section 5007 of Code 1906 provides that "any person injured or damaged by a trust and combine as herein defined, or its effects direct or indirect, may, in each instance of such injury and damage, recover the sum of five hundred dollars, and all actual damages." Section 5004 of the Code, providing penalty for violation, fixes each day as a separate offense and such rule should be applied in the instant case. However, we have charged separate and distinct instances of injuries to plaintiff, the aggregate instances coinciding with the number of days upon which same were committed and certainly the instances or days mentioned in the declaration do not comprise one continuous act.

The law regards the conduct of appellee, as set forth in the declaration, as heinous and of the kind that merits severe punishment. To permit appellee to drive competitors out of business by a series of unlawful acts as in the instant case and then suffer only five hundred dollars loss in damages for all of its separate and distinct acts would be to license such concerns as, in most communities, it would be worth considerably more than five hundred dollars to have a monopoly of the ice trade and consequent right to fix prices always to the end that it would be more than compensated for the losses in damages paid and in its business while stifling its competitor.

In *Railroad Co.* v. *Searles*, 85 Miss. 520, 37 So. 939, where the circuit court had given judgment for five hundred dollars for each car that the association had refused to deliver to Searles at his warehouse, the court stated that as the association was not a trust within

the meaning of the law "the appellant, by becoming a member thereof, did not subject itself to the penalties prescribed, and hence appellant was not entitled to recover the statutory penalty by the statute to every one injured or damaged by the operation of a trust." While the opinion rendered does not directly say so it seems plain to us that the act of the circuit court in awarding damages would have been affirmed had the car service association been deemed a trust.

*Ford, White & Ford,* for appellee.

The plaintiff's right to sue for and recover any penalty because of a violation of the statutes of Mississippi relating to trust and combine is wholly dependent on his being able to show a legal injury or damage, for this right is controlled by section 5007 of the Annotated Code of 1906, which is in the following words:

"Actions Against for Damages." Any person injured, or damaged, by a trust and combine as herein defined, or its effects direct, or indirect, may in each instance, of such injury or damage, recover the sum of five hundred dollars and all actual damages, etc."

Section 5004 of the Annotated Code of 1906 which is in the following words:

"Penalty for Violation." Any person, corporation, partnership, firm or association, or any representative or agent thereof, violating any of the provisions of this chapter, shall forfeit no less than two hundred dollars, nor more than five thousand dollars for every such offense, and each day such person, corporation, partnership or association, shall continue to do so shall be a separate offense, the penalty in such case to be recovered by an action in the name of the state at the relation of the attorney-general or district attorney."

These two sections govern and control the recovery of any penalties against any person, individual or corporation violating the law of Mississippi relating to trust and combines, and the contrast between a suit by the

state or a suit brought by an individual is very great.. In case of a suit by the state against any person violating the anti-trust law of the state of Mississippi a penalty of not less than two hundred dollars nor more than five hundred dollars for every offense is proved, and each day's violation of the trust act is expressly declared to be a separate offense. In a case of an individual, or person, suing for the recovery of penalties for violation of the trust act of the state of Mississippi his recovery is limited to the sum of five hundred dollars in each instance of such injury or damage, and also all actual damages. In other words, any individual, or person, bringing a suit to recover the penalties provided for by section 5007 of the Code of 1906 may recover all actual damage and in addition the sum of five hundred dollars for each instance of injury, or damage, by such violation of the anti-trust act. The anti-trust act of our state as contained in chapter 145 of the Annotated Code of 1906, chapter 119 of the Laws of 1908 and chapter————of the Laws of 1910, nowhere provide any other penalty that may be recovered by an individual, or person, other than the penalty contained in section 5007 of the Annotated Code of 1906. This penalty is not recoverable by any and every person who may bring a suit for it, but the statute expressly limits the recovery to those persons who have been injured, or damaged, by a trust and combine, and in order for the plaintiff in this case to bring himself within the purview of this statute it is necessary for him to set up in his complaint a statement of facts showing a real injury, or damage, susceptible of proof, and when this is done he may then recover his actual damage and also the sum of five hundred dollars for each instance of an injury, or damage, at the hands of a person denounced by the law as a trust and combine. The person complaining cannot recover five hundred dollars for each day's violation of the Mississippi anti-trust act for the reason that the law has not provided that in private suits by private

individuals each day's violation of this act is a separate
injury, or damage. It is only in a case of a suit by the
state of Mississippi that each day that a trust or com-
bine is operated is declared to be a separate offense.
This distinction between the right of recovery by the
state of a penalty and the right of recovery by an indi-
vidual of a penalty, in the case of a person, firm or cor-
poration, violating the anti-trust act of the state of
Mississippi, is just this: The state may recover a pen-
alty of from two hundred dollars to five thousand dol-
lars for each offense, and the statute makes each day
that such a trust or combine is in operation a separate
offense; whereas the recovery by an individual complain-
ing against some person, firm or corporation alleged
to be violating the anti-trust act of the state of Missis-
sippi is the sum of five hundred dollars for each separate
instance of injury or damage. This simply means that
the state in order to show a cause of action need not
show that any person whatever has been injured, but is
simply required to show that some person is violating
the anti-trust act of the state of Mississippi and the
length of time that such person has been violating said
act; in the case of a suit by the individual for a penalty,
it is necessary that that individual must show three
things: First, that some person, firm or corporation,
has violated the anti-trust act of the state of Mississippi;
second, that the person complaining has suffered some
injury, or damage; third, the person complaining must
show the number of separate instances of injury or dam-
age received by him. In the case of a suit by an indi-
vidual, each day that the party complained against
conducts its business is not a separate offense, because
the fixing of each day as being a separate offense in the
case of a suit by the state is so simply because the statute
provides for it. The statute has not provided in the case
of a suit by an individual that each day's violation of
the anti-trust act of Mississippi should constitute a sep-
arate instance of injury or damage to any person who

103 Miss. 16

may complain, and until the statute is so amended to this extent, an individual complaining will be compelled to allege and prove separate instances of injury or damage.

REED, J., delivered the opinion of the court.

This case is before the court on appeal from the action of the circuit court in sustaining a demurrer to appellant's second amended declaration. The judge of that court in his order sustaining the demurrer gave as his reasons (1) that part of chapter 119, p. 125, Laws of 1908, indicated in said laws as additional contracts or combinations not allowed by law, is in violation of section 198 of the Constitution of this state, and it is necessary to allege in the declaration that acts complained of under the statute were done in pursuance of an agreement or conspiracy with some other person; (2) that the acts complained of in the declaration do not constitute separate instances of injury or damage in the meaning of section 5007, Code of 1906, as claimed by appellant.

1. It is true that there is an awkward arrangement of chapter 119, Laws of 1908. Upon a careful reading, it seems that the part of said chapter, under the sub-heading "Additional Contracts or Combinations Not Allowed by Law," might appropriately have been included in another chapter or section of the laws. Although admitting that the arrangement of the statute might be criticised, yet this is not sufficient to justify the position that the law itself, which is wise, helpful to the people of the state, and follows principles announced by the common law, is in violation of section 198 of the Constitution of this state. That section provides that the legislature shall enact laws to prevent all trusts and combines and agreements inimical to the public welfare. There is nothing in that constitutional provision to prevent the legislature from enacting the law now under discussion.

2. Section 5007, Code of 1906, provides that any person injured or damaged by a trust and combine may,

in each instance of such injury or damage, recover the sum of five hundred dollars, and all actual damages. Section 5004 provides a penalty for the violation of the provisions of chapter 145 of the Code of 1906, to be recovered by an action in the name of the state at the relation of the attorney-general or district attorney, the amount of the penalty to be not less than two hundred dollars, nor more than five thousand dollars, for every such offense, and the section provides that each day in which the guilty party shall continue to violate the chapter shall constitute a separate offense. There is no such definition of a separate offense in section 5007. It seems clear from a careful reading of the section that the injured party is given the right of action against the person violating the provisions of the chapter for all actual damages sustained, and, in addition thereto, that he can recover the sum of five hundred dollars. In the case shown by the declaration, the appellant should have the right to recover all actual damages sustained by him by reason of the alleged wrongful and unlawful acts of appellee, and, in addition thereto, the sum of five hundred dollars provided for in section 5007. In other words the appellant should not be allowed to recover the sum of five hundred dollars for each day that appellee sold ice in the city of Moss Point at a price below the normal cost of production of ice in that city, and for each day that appellee sold ice in the city of Pascagoula for the price alleged. Appellant claims to have been damaged by reason of appellee's alleged violation of the statute; and, if true, then that is the instance of injury or damage which he could recover for, and, being one injury or damage, he would only be permitted to recover the penalty of five hundred dollars once. It will be noticed that a proper provision has been made in the chapter for the punishment of persons for violating the provisions of the laws against trusts and combines. However, appellant should be permitted to present his case to the jury.

For the acts performed in violation of the law appellant's right to recover actual damages accrued, and he was also entitled to recover one penalty of five hundred dollars. He demanded in his declaration a penalty of five hundred dollars for each day appellee violated the law, and charged the law was violated a number of days. While he is mistaken in his right to recover the penalty for each day, yet the declaration states sufficient facts to warrant the court in rendering a judgment by default for the amount for which appellee was liable under the penalty clause of the statute; that is, five hundred dollars. When an amount greater than the law permits to be recovered is asked for in a declaration, under the liberal rules of pleading in this state, a lesser and proper amount may be recovered. There can be no difficulty in directing the recovery for the one penalty to which the appellant was entitled, and in properly presenting to the jury the law applicable to this case.

*Reversed and remanded.*